**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT SEPE, Jr., | No.   17-16393 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01639-TLN-CKD |
| v. | |
| GORDON TRUCKING, INC. and ELWOOD HILL, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted November 15, 2018
San Francisco, California

Before:  FISHER and M. SMITH, Circuit Judges, and PIERSOL,** District Judge.

Robert Sepe, Jr. ("Sepe") appeals the district court's order imposing

discovery sanctions under Rule 37(c)(1) of the Federal Rules of Civil Procedure

and order denying Sepe's Federal Rules of Civil Procedure Rule 59(a) motion for a

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

new trial. We affirm.

Sepe contends that the district court erred in limiting the causation testimony of Dr. Orisek and Dr. Lemons in his case-in-chief under Rule 37(c)(1) to that of treating physicians despite the district court's finding that the failure to file expert reports for these witnesses was harmless. Sepe argues that the district court's error caused him substantial prejudice, and that the district court abused its discretion in denying his Rule 59(a) motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291.

We review both the district court's imposition of discovery sanctions and the denial of the Rule 59(a) motion for abuse of discretion. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011); *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010).

Causation testimony by a treating physician is expert opinion, subject to the disclosure and written report requirement detailed in Rule 26(a)(2) if the physician's opinion on causation was formed outside the course of treatment. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (stating that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment). Under Rule 37(c)(1), when a party fails to make the disclosures required by Rule 26(a)(2), the party is not allowed to use the witness to supply

expert testimony at trial unless it establishes that the failure to disclose was substantially justified or harmless. *See id.* (citing Fed. R. Civ. P. 37(c)(1)).

We hold that the district court erred in limiting the causation testimony of Dr. Orisek and Dr. Lemons in Sepe's case-in-chief to opinions formed during the course of treatment. The district court held that Sepe's failure to disclose the physicians as experts and provide expert reports was harmless because the defendants were aware of both witnesses and continued to subpoena their medical records. Upon finding that the failure to disclose was harmless, discovery sanctions under Rule 37(c)(1) limiting the testimony were not warranted.

Although the district court erred in imposing discovery sanctions, we conclude that the error was harmless. *See* Fed. R. Civ. P. 61 (stating the harmless error rule). The district court subsequently permitted Sepe to recall Dr. Orisek to give substantial expert testimony about causation. In addition, Sepe has not identified any other causation evidence that Dr. Orisek and Dr. Lemons would have presented absent the court's order imposing discovery sanctions. Based on the foregoing, the district court did not abuse its discretion by denying Sepe's motion for a new trial.

**AFFIRMED.**